[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, Margaret L. Pouliot, brought this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown by writ and complaint returnable to this court December 7, 1993. She also sought custody and support of the minor children, alimony and other relief, as on file.
The defendant husband, Peter J. Pouliot, filed an answer and cross complaint in which he denied that the marriage had broken down irretrievably. However, he sought a dissolution of the marriage, joint custody of the minor children, specific visitation and other relief, as on file.
Both parties were represented by counsel, testified and submitted financial affidavits, written proposed orders, and child support guideline worksheets. A number of documentary materials were introduced into evidence.
At the hearing, the parties agreed on the record to the entry of an order of joint legal custody of their minor children, with primary physical custody and residence with mother and liberal and reasonable rights of visitation to father. The father also agreed to maintain health insurance available through his employment for the children. The parents agreed to equally pay any unreimbursed health or medical expenses incurred on behalf of the children.
They further agreed that the plaintiff wife would be entitled to all of the tangible personal property in the marital dwelling, and that they would mutually determine their filing status with respect to their 1994 federal and state income tax CT Page 3164 returns.
The court ordered the defendant father to participate in the Parenting Education Program, pursuant to General Statutes § 46b-69b and exempted the mother therefrom because of her participation in, and completion of, a comparable program.
After the conclusion of the hearing on January 31, 1995, at the request of the parties, the court reserved decision on the matter to a date after March 30, 1995, to preserve the spouses' entitlement to social security benefits. The defendant husband submitted an analysis of the taxable consequences of alimony payments.
From the evidence, I find the following facts.
The plaintiff wife, whose birth name was Margaret Firgeleski, married the defendant husband at Stonington, Connecticut, on March 30, 1985. Both spouses have resided continuously in this state for at least one year before the date of the complaint, November 10, 1993. There are two minor children issue of the marriage: Stacy M. Pouliot, born December 1, 1990, and Ryan P. Pouliot, born September 2, 1987. No other minor children were born to the wife since the date of the marriage.
Neither party or the children are recipients of public assistance. All statutory stays have expired, and the court has jurisdiction.
The wife is 36 years old, a high school graduate and in good health. She took a bookkeeping course by correspondence. For most of the marriage, she was the principal homemaker and child care giver. She now holds two part-time jobs: one as a preschool aide, and one cleaning houses. She earns a total of $110 per week gross; $82 per week net. In addition, she gets reduced tuition for her child, but no other benefits. She appears to have homemaking, child care and animal care skills, but modest earning capacity.
The defendant husband is 55 years old, a high school graduate and in good health; he anticipates medical treatment for a blood sugar condition and high blood pressure, but has not yet obtained such. CT Page 3165
He has worked as an electrician throughout the marriage, including overtime when available. He has always been a good provider. He has enjoyed gross earnings in past years as follows: 1994, $62,242[1]; 1993, $67,476; 1992, $76,768; and 1991, $56,068. His overtime has now decreased substantially, and his average gross weekly income is about $909 per week, with a net of $624[2] per week. He has health, life and disability insurance benefits and a 401K plan available through his employment, to which he contributes. He is a union member, and on certain jobs is paid substantial travel expense.
This marriage of ten years duration owes its destruction to multiple factors. These included the husband's excessive drinking of alcohol; his frequent overtime work; his disengagement from the family; the wife's abundant spending; the parties' failure to communicate; and, their generational age difference. After heated arguments and threats, the parties separated in November, 1993. The wife began dating another man. She believes the marriage has irretrievably broken down. The husband disagrees; he testified that he will do anything, including cease drinking, to save the marriage.
It is truly unfortunate, but on this evidence, I am compelled to find that the marriage has irretrievably broken down, and a greater share of the responsibility for its disintegration must be borne by the husband.
The husband was financially generous to his wife and children during the marriage. He gave the wife $10,000 from his divorce settlement, and made substantial improvements in his father-in-law's home, which was the marital dwelling.
The parties have accumulated modest assets. These include:
 A time share unit in Newport, Rhode Island, having net equity of $ 8,880
 A campground valued at $ 5,900 The husband's 401K plan valued at $20,070
Also, the husband has a pension, which will provide him with $415 per month at his age 65.
The couple has minimal cash on hand and in banks, CT Page 3166 motor vehicles with no equity, and some tangible personal property, including household furniture and furnishings of little value. The wife has a horse, pony and trailer, which taken together are worth perhaps $2,000. The pony is the children's.
Against these assets, the parties report substantial debts: the husband $7,350, including $850 in attorney's fees; the wife, $18,576, which includes $2,300 to her father; the remainder of her liabilities are credit card and charge account balances.
The husband's monetary contributions to the acquisition, preservation and appreciation in value of the marital assets greatly exceeded those of the wife. Her nonmonetary contributions during the marriage exceeded his.
He has superior earnings, earning capacity and vocational skills than she has, and thus, a greater opportunity to acquire capital assets and income in the future. They have equal employability.
I have considered the evidence and my findings in the light of all of the criteria in General Statutes §§ 46b-81,46b-82 and 46b-84 in the determination of the financial awards set forth. I have also considered the taxable implications and consequences of said awards.
Accordingly, a decree may enter dissolving the marriage on the ground of irretrievable breakdown. Orders shall also enter as follows:
(1) Joint legal custody of the minor children is awarded to the parents, with primary physical custody and residence with mother; liberal and reasonable rights of visitation and access to father; the father shall participate in the Parenting Education Program, General Statutes § 46b-69(b) the mother is excused from participation at this time.
(2) The defendant shall pay to the plaintiff, as child support, by way of immediate wage garnishment, the sum of $230 per week, which amount is that suggested by the child support and arrearage guidelines. He shall pay promptly when received, as additional child support, thirty-five (35%) percent of his net income, as that amount is determined according to CT Page 3167 said guidelines, in excess of $624 per week. The defendant, on July 1, 1995, and quarterly thereafter, so long as he is obligated to pay child support, shall send to the plaintiff, a log of his earning statement for the previous quarter. The parties shall be obligated to support the children pursuant to General Statutes § 46b-84(b) until age 19 or high school graduation, whichever first occurs.
(3) In 1995 and succeeding years, so long as the defendant is current on his child support obligation as of the end of the applicable tax year, he may claim both children as dependency exemptions for income tax purposes. The parties shall each have one child as a dependency exemption in 1994.
(4) The defendant shall maintain the children on his job-related health insurance. The parties shall equally share the unreimbursed or uncovered health care expenses for the children. An order pursuant to General Statutes § 46b-84(d) shall enter.
(5) The defendant shall pay to the plaintiff the sum of $25 per week as periodic alimony for a period of two (2) years, at which time it shall be increased to $50 per week for three (3) additional years. As additional alimony, the defendant shall pay for the plaintiff's health insurance coverage through his place of employment under applicable law for a period of two (2) years. Said periodic alimony and additional alimony shall not be modifiable as to duration and shall terminate sooner upon the death of either party, the wife's remarriage or pursuant to General Statutes § 46b-86(b).
Said additional alimony shall also terminate if health insurance becomes available to the wife through her employment. In this regard, the court has considered the respective ages of the parties and the children, and finds that both children should be in school full time within two years, at which time the wife, by the exercise of reasonable diligence, should be able to begin vocational training for full-time work, or begin such work and be self sufficient. In the meantime, she is in need of support.
(6) The time share and campground shall be promptly sold, and the net proceeds applied to the indebtedness shown on the financial affidavits of the parties (excluding attorney's fees and wife's father's loan). Until both properties are sold, CT Page 3168 the husband shall pay sixty (60%) percent of the monthly debt service on said liabilities; the wife forty (40%) percent, which shall be not less than the minimum amounts needed to maintain said accounts current. Any indebtedness remaining after the application thereto of the net proceeds of the above sales shall be paid by the parties in the same ratio. The total indebtedness to which this paragraph is applicable is: husband, $6,500; wife, $16,376. Any other indebtedness later incurred by either party shall be his or her sole liability. The court retains jurisdiction over the terms and conditions of the sales until they are accomplished.
(7) The defendant shall maintain his POE and Metropolitan Life Insurance policies with face amount proceeds totalling $190,000 and name the minor children thereon as irrevocable beneficiaries until each reaches age 19; when the older child reaches 19, the younger shall be the sole beneficiary, unless the parties agree in writing that the children shall be equal beneficiaries until the younger reaches age 19. The wife shall do likewise with the $100,000 life insurance policy shown on her financial affidavit. Each shall execute and deliver an authorization to the other directed to the life insurance policies so that each may, from time to time, determine the status of the policy or policies on the other's life.
(8) There is assigned to and vested in the defendant wife the sum of $8,000 from the plaintiff husband's 401K plan, pursuant to a Qualified Domestic Relations Order (QDRO). The court retains jurisdiction thereof until accomplished.
(9) Each party shall have the tangible and personal property in their respective possession. The husband shall take and have the 1993 Chevy blazer and his pension retirement plan free of wife's claim. The wife shall have the 1983 motor vehicle and her horses and trailer free of husband's claim.
(10) The defendant shall pay toward the plaintiff's attorney's fees the sum of $1,000, in equal monthly installments of $100 on the first of each month, commencing May 1, 1995. I find that a denial of counsel fees to the plaintiff would impair or undermine the other financial awards entered.
(11) All documents necessary or incidental to the effectuation of the orders herein shall be completed and CT Page 3169 exchanged within thirty (30) days hereof.
Teller, J.